UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POINTE ESTERO CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.: 2:24-cv-403-JLB-NPM

CAMERON HAMILTON, ACTING
ADMINISTRATOR, FEDERAL
EMERGENCY MANAGEMENT
AGENCY,

    Defendant.
_____/

## ORDER

Before the Court is the Motion to Dismiss filed by the Acting Administrator of the Federal Emergency Management Agency ("FEMA" or "Defendant").[1] (Doc. 17). Pointe Estero Condominium Association, Inc. ("Pointe Estero" or "Plaintiff") timely filed a response. (Doc. 22). In response to an order from the Court (Doc. 27), FEMA filed a reply (Doc. 28). As set forth below, the Court finds that the motion to dismiss is **GRANTED**.

*- Remainder of page intentionally left blank -*

---

[1] According to FEMA's website, Cameron Hamilton, a Senior Official, is performing the duties of FEMA Administrator. *See* FEMA Office & Leadership, https://www.fema.gov/about/organization/offices-leadership (last visited March 14, 2025). Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for former Administrator Criswell, who was named in the Amended Complaint. (*See* Doc. 5). Furthermore, the Court notes that the Acting FEMA Administrator is being sued in his official capacity here.

1

## BACKGROUND[2]

This breach of contract action arises from flood damage that Pointe Estero sustained during Hurricane Ian. FEMA issued Pointe Estero a standard Residential Condominium Building Association Policy (the "Policy")[3] that was in full force and effect at all times material to this litigation. (Doc. 5 at ¶ 6; *see* Doc. 5-1). Under the Policy, FEMA agreed to provide insurance coverage against certain losses for Pointe Estero's property. (Doc. 5 at ¶ 7).

Section VIII(J)(1) of the Policy, titled "Loss Payment," provides that "Loss will be payable 60 days after [FEMA] receive[s] [the policyholder's] proof of loss . . . and (a) [FEMA] reach[es] an agreement with [the policyholder]; (b) [t]here is an entry of a final judgment; *or* (c) [t]here is a filing of an appraisal award with [FEMA], as provided in VIII.M." 44 C.F.R. Pt. 61, App. A(3) (2021). Section VIII(M) of the Policy provides a process for the policyholder to "demand an appraisal of the loss." According to that section, the policyholder and FEMA each choose a competent and impartial appraiser within 20 days of receiving a written request

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Amended Complaint (Doc. 5).

[3] The Court notes that the Policy was identified in the Amended Complaint but not attached. (Doc. 5 at ¶ 6). Defendant subsequently linked to the Policy in its Motion to Dismiss (Doc. 17 at 5 n.3), and the Court duly considers it in its analysis. *See Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1354–55 (S.D. Fla. 2022) (stating that a court can consider a document not attached to the complaint when the "plaintiff refers to the document in its complaint, the document is central to plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss"). As noted by FEMA in its motion to dismiss (Doc. 17 at 5 n.3), the complete policy is set forth in the Code of Federal Regulations and is also publicly available on FEMA's website. 44 C.F.R. Pt. 61, App. A(3) (2021); https://www.fema.gov/sites/default/files/documents/fema_F-144-RCBAP-SFIP_2021.pdf. For ease of reference, the Court will cite to the Code of Federal Regulations when referencing the Policy.

from the other; the two appraisers then choose an umpire. If the parties cannot agree on an umpire within 15 days, either FEMA or the policyholder may request that the choice be made by a judge of a court of record in the state in which the insured property is located. *Id.*

On September 28, 2022, Pointe Estero's property sustained covered losses due to flood damage from Hurricane Ian (the "Loss"). (Doc. 5 at ¶ 8). Pointe Estero submitted a notice of loss to FEMA, and in response, FEMA opened a claim and assigned it claim number 253419 (the "Claim").[4] (*Id.* at ¶ 9). Shortly afterward, FEMA issued Pointe Estero an advance payment of $100,000. (*Id.* at ¶ 10). On June 5, 2023, FEMA issued a payment for the Claim in the amount of $427,844.47. (*Id.* at ¶ 11). FEMA did *not* include *any* correspondence or letter to explain the coverage included with this payment. (*Id.*).

Pointe Estero questioned FEMA's ongoing adjustment of the Claim and conducted its own assessment of the Loss. (Doc. 5 at ¶¶ 12–13). Pointe Estero's independent assessment determined that the actual amount and value of the covered Loss amounted to $2,428,354.93 (before application of the Policy's stated deductible and prior payment issued). (*Id.* at ¶ 13). Approximately a week after receiving FEMA's $427,844.47 payment, Pointe Estero documented its independent

---

[4] After Hurricane Ian, FEMA issued Bulletin W-22012, which attempted to get money into the hands of impacted Americans quicker by allowing National Flood Insurance Policy payments based on an unsigned independent adjuster report in lieu of a sworn poof of loss. (Doc. 28-1 at 1). This conditional waiver continued to require a sworn proof of loss and documentation when an insured disagreed with the independent adjuster report. (*Id.* at 2). In that instance, the insured would request additional coverage through the proof of loss, and FEMA would proceed as normal with adjustment under the policy. (*Id.* at 2–3).

evaluation in a Sworn Statement in Proof of Loss ("Proof of Loss") that it submitted to FEMA on September 13, 2023. (*Id.* at ¶ 14).

As of the filing date of this case, FEMA has failed to respond to that Proof of Loss, make any supplemental payments, or acknowledge that any supplemental payments would be forthcoming. (*Id.* at ¶ 16). On May 1, 2024, Pointe Estero filed its Complaint in this Court, alleging that FEMA's failure to do so amounts to a breach of the Policy. (Doc. 1). The operative complaint before the Court is Point Estero's Amended Complaint filed on May 13, 2024. (Doc. 5). In response, FEMA filed a Motion to Dismiss. (Doc. 17).

## LEGAL STANDARD

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

*- Remainder of page intentionally left blank -*

## DISCUSSION

FEMA moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Pointe Estero's claims because FEMA is entitled to sovereign immunity and that, in any case, this matter is not yet ripe for adjudication.[5] (Doc. 17 at 3). FEMA describes its Motion to Dismiss as a facial challenge to jurisdiction but specifies that, in the alternative, it raises a factual attack based on an attached affidavit. (*Id.*).

### I. Whether FEMA is Entitled to Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 723 (E.D.N.Y. 2015) (sovereign immunity "extends to federal agencies and officers acting in their official capacities"). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The burden of establishing jurisdiction rests on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, "the Government's consent to be sued must be construed strictly in favor of the sovereign . . . and not enlarge[d] . . . beyond what the language requires." *United*

---

[5] Pointe Estero bears the burden of showing that this Court has subject matter jurisdiction over this action. For the reasons explained in this Order, Pointe Estero failed to meet that burden. Because the suit is barred by sovereign immunity, the Court need not address FEMA's ripeness arguments.

5

*States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992) (internal quotation marks and citations omitted).

The National Flood Insurance Act ("NFIA") "contains a partial waiver of sovereign immunity for suits against FEMA for denial of insurance coverage." *Foster*, 128 F. Supp. 3d at 723; *see also Gottlandsini v. Fugate*, 2012 WL 3860594, at *1–2 (D. Mass. Sept. 5, 2012) ("Congress created a limited waiver . . . through 42 U.S.C. § 4072," which is "strictly constru[ed]"). Specifically, the NFIA provides, in relevant part, a limited waiver of sovereign immunity when FEMA's Administrator disallows a party's flood insurance claim or a claimant refuses to accept the payment amount FEMA's Administrator has allowed for that claim as follows:

> [U]pon the disallowance by the [FEMA] Administrator of any [flood-insurance] claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated.

42 U.S.C. § 4072; *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987) (noting that 42 U.S.C. § 4072 contains "a limited waiver of sovereign immunity that permits a claimant to sue the Director of FEMA in federal district court").

Federal regulations further provide, in relevant part:

> Upon the disallowance by the Federal Insurance . . . Administration . . . or the servicing agent of any claim on grounds other than failure to file a proof of loss, or upon

6

> the refusal of the claimant to accept the amount allowed upon any claim after appraisal pursuant to policy provisions, the claimant within one year after the date of mailing by the Federal Insurance . . . Administration . . . or the servicing agent of the notice of disallowance or partial disallowance of the claim may, pursuant to 42 U.S.C. 4072, institute an action.

44 C.F.R. § 62.22(a). In short, "[d]isallowance by FEMA of the plaintiff's claim is . . . a statutory prerequisite for waiver" of sovereign immunity. *Gottlandsini*, 2012 WL 3860594, at *2.

In its Motion to Dismiss, FEMA argues that this Court lacks subject matter jurisdiction because (1) Pointe Estero failed to allege sufficient facts to overcome sovereign immunity, and (2) FEMA never actually denied Pointe Estero's claim pre-suit. (Doc. 17 at 3). FEMA's first argument is a facial challenge to jurisdiction, and FEMA's second argument is a factual challenge. *See Lawrence*, 919 F.2d at 1528–29 (explaining the difference between facial and factual challenges to subject matter jurisdiction under Rule 12(b)(1)).

### A.   FEMA's Facial Challenge to Subject Matter Jurisdiction

Pointe Estero did not allege sufficient facts to survive FEMA's facial challenge to this Court's subject matter jurisdiction. In its Amended Complaint, Pointe Estero alleges that FEMA's failure to respond to the Proof of Loss, make any supplemental payments, or acknowledge that any supplemental payments would be forthcoming constitutes disallowance under 42 U.S.C. § 4072. (Doc. 5 at ¶ 16). However, Pointe Estero does not direct the Court to any cases establishing that

FEMA's failure to respond to a claim amounts to disallowance under the statute, and the Court could not identify any such authority upon its own review.

Rather, a review of cases and the statute makes clear that disallowance, whether in full or in part, requires some form of affirmative denial. *See Downey v. State Farm Fire & Casualty Co.*, 276 F.3d 243, 344–45 (7th Cir. 2001) (section 4072 waives sovereign immunity for claims against FEMA's Administrator only when FEMA's Administrator disallows a party's flood insurance claim or a party refuses to accept the amount FEMA's Administrator has allowed); *Evanicky v. Fed. Emergency Mgmt. Agency*, 2019 WL 3943024, at *3 (S.D. Tex. Aug. 21, 2019) (FEMA's failure to respond to a claimant's supplemental proof of loss did not constitute disallowance where, under the terms of the relevant policy, FEMA still had four days to review the supplemental proof of loss when the plaintiff filed suit).

The text of section 4072 further indicates that this affirmative denial must be in writing, as its statute of limitations requires claimants to file suit within one year from the time notice of disallowance is mailed. Thus, "[t]he statute explicitly contemplates that the claimant will receive written notice that his or her claim has been disallowed in whole or in part before filing suit against FEMA's Administrator in a federal district court." *Evanicky*, 2019 WL 3943024, at *3. A letter from an insurer need not explicitly use the word "deny" to amount to disallowance if the clear intent of the letter is to reject the plaintiff's claim. *Price v. Wright Nat'l Flood Ins. Co.*, 2025 WL 487627, at *2 (M.D. Fla. Feb. 13, 2025); *see also State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817 (6th Cir. 1988) (letter from

8

insurer constituted disallowance because its clear intent was to categorically reject part of plaintiff's claim). However, Pointe Estero pleaded that FEMA did not include *any* correspondence or letter to explain the coverage included with this payment. (Doc. 5 at ¶ 11).

Pointe Estero's argument that FEMA's June 5, 2023 payment of $427,844.47 constitutes partial disallowance (Doc. 5 at ¶ 11) also fails. While Pointe Estero's September 13, 2023 Proof of Loss estimated a much higher covered Loss amount than FEMA issued in its June 5, 2023 payment, FEMA issued that payment before Pointe Estero submitted its Proof of Loss. (*Id.* at ¶¶ 9–14). Thus, FEMA's June 5, 2023 payment could not have been a disallowance of the Proof of Loss.

Furthermore, it is noteworthy that Pointe Estero neglected to plead any facts that it has complied with the procedures for payment of its claim within 60 days set forth in section VIII(J)(1) and VIII(M) of the Policy. For example, Point Estero failed to plead that it demanded an "appraisal of the loss," where it and FEMA "each choose a competent and impartial appraiser within 20 days after receiving a written request from the other." *See* 44 C.F.R. Pt. 61, App. A(3) (2021).

Because Pointe Estero did not plead any facts that present a legal basis for finding disallowance under section 4072, it did not satisfy its burden of establishing FEMA's waiver of sovereign immunity. *See Foxx v. Internal Revenue Serv.*, 2019 WL 1372976, at *1 (M.D. Fla. Feb. 8, 2019) ("A plaintiff bears the burden to show that the United States waives sovereign immunity."). FEMA's sovereign immunity

9

therefore applies and shields it from suit. *See Meyer*, 510 U.S. at 475 (1994); *see also Foster*, 128 F. Supp. 3d at 723 (E.D.N.Y. 2015).

### B. FEMA's Factual Challenge to Subject Matter Jurisdiction

Pointe Estero also failed to provide sufficient evidence to survive FEMA's factual challenge to this Court's subject matter jurisdiction. When evaluating a factual challenge to subject matter jurisdiction, the Court considers evidence outside of the pleadings such as testimony and affidavits. *Lawrence*, 919 F.2d at 1529. Pointe Estero did not provide testimony or affidavits in support of its arguments. FEMA, however, provided an affidavit from a claims adjuster directly involved in the oversight of flood insurance claims submitted to FEMA. (*See* Doc. 17-1). This affidavit asserts that "FEMA did not deny in whole or in part any proof of loss claim made by [Pointe Estero]" and that "FEMA has not disallowed any [p]roof of [l]oss for flood insurance claims submitted by Pointe Estero." (*Id.*). Because Pointe Estero declined to supplement its pleadings with additional evidence to strengthen its position, and because Pointe Estero's pleadings alone were insufficient to defeat FEMA's facial challenge, Pointe Estero also fails to defeat FEMA's factual challenge to this Court's subject matter jurisdiction.

*- Remainder of page intentionally left blank –*

## CONCLUSION

For the reasons set forth above, FEMA's Motion to Dismiss (Doc. 17) is **GRANTED**. Accordingly, this case is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close this case.

**ORDERED** at Fort Myers, Florida on March 14, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE